UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JETSON R. CHESHIER, and BOBBIE SHIREMAN, and JEFFREY R. CHESHIRE,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES A GIBSON and KITTIE H. GIBSON (Husband and Wife), and ROBERT W. GARRETSON and MARY H. GARRETSON (Husband and Wife), and ROBERT A. GARRETTSON, and THEADORE MELLOTTE, AND WANDA and/or ELOISE MELLOTT (Husband and Wife), and LEON BRUMAN and MARILYN BRUNAM (Husband and wife), and DAVID MARHER Jr., and WILLIAM H. GREGORY, and (All Section 25 historical-defendants) and HALVERSON, APPLEGATE, AND MCDONALD [Law Firm], and FLYING Y HOMES OWNERSHIP ASSOCIATION, and STATE OF WASHINGTON, et al., and DEPARTMENT OF WILDLIFE, and YAKIMA COUNTY, et al.,<br><br>Defendants. | NO. CV-07-3072-RHW<br><br>**ORDER ADDRESSING PENDING MOTIONS AND DISMISSING CASE** |

Before the Court are Defendants' Theodore and Eloise Mellotte's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1-7) (Ct. Rec. 9); the State Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Ct. Rec. 16); Yakima County Defendants' Joinder in Motion to Dismiss (Ct. Rec. 24); Defendant Halverson, Applegate and McDonald's Joinder in Defendant Mellotte's

**ORDER ADDRESSING PENDING MOTIONS AND DISMISSING CASE~** 1

Motion to Dismiss (Ct. Rec. 28); Defendant Flying Y Home Owner's Association Joinder in Defendant Mellotte's Motion to Dismiss (Ct. Rec. 50); Defendant Robert A. Garretson Joinder in Motion to Dismiss (Ct. Rec. 55); Plaintiffs' Motion for Default Judgment (Ct. Rec. 27); Plaintiffs' Motion for Continuance (Ct. Rec. 32); and Plaintiffs' Motion for Continuance (Ct. Rec. 37).

On August 23, 2007, Jetson R. Cheshier filed a complaint[1] in the Eastern District of Washington, asserting the following claims: Breach of Contract, Breach of Implied in Fact Contract, Breach of Implied Contract, Good Faith, and Fair Dealing, Promissary Estoppel, and Intentional Infliction of Emotional Upset.

## DISCUSSION

There are two pending Motions to Dismiss before the Court. Both motions are based on Rule 12(b) of the Federal Rules of Civil Procedure.

In reviewing a Fed. R. Civ. P. 12(b) motions, the Court accepts all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

---

[1] The complaint was signed by Jetson Cheshier. None of the other listed Plaintiffs signed the complaint. Jetson Cheshier also filed a Response to Summary Judgment (Ct. Rec. 25, 26), Motions to Continue (Ct. Rec. 32, 37), and a Motion for Default Judgment (Ct. Rec. 27). These documents are signed only by Jetson Cheshier. Pursuant to 28 U.S.C. § 1654, parties may represent their own cause. Although a non-attorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Jetson Cheshier is not a member of the Washington State Bar. On October 15, 2007, Stanley Lippman filed a notice of appearance on behalf of all plaintiffs on October 15, 2007. *Id.* Mr. Lippman has not filed any amended or additional documents with the Court.

**ORDER ADDRESSING PENDING MOTIONS AND DISMISSING CASE~ 2**

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**1.	Defendants Mellottes' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1-7)**

The Mellotte Defendants assert that Plaintiffs' claims asserted against it should be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). As such, federal courts are empowered to hear only those cases that are within the judicial power of the United States as defined by the United States Constitution, and those cases that have been authorized by Congress. *Estate of Branson v. Commissioner of Internal Revenue*, 264 F.3d 904, 908 (9th Cir. 2001).

In this case, Plaintiffs have asserted five claims against all of the Defendants: Breach of Contract, Breach of Implied in Fact Contract, Breach of Implied Contract, Good Faith, and Fair Dealing, Promissary Estoppel, and Intentional Infliction of Emotional Upset. None of these claims are based on federal law. Plaintiffs have not alleged federal jurisdiction based on diversity. Even though Plaintiffs have referred to the Fifth and Fourteenth Amendments to the United States Constitution in their complaint, they have failed to allege any facts that would support such a claim. As such, this Court is without jurisdiction to hear these claims.

2.	**Defendant State of Washington Department of Fish and Wildlife's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

The State of Washington asserts that Plaintiffs' claims asserted against it should be dismissed for lack of subject matter jurisdiction.

For the same reasons as stated above, Plaintiffs have failed to allege a claim upon which federal subject matter jurisdiction can be based. Moreover, the Eleventh Amendment to the United States Constitution bars Plaintiffs' claims against the State of Washington. *Seminole Tribe of Florida v. Florida*, 517 U.S.

**ORDER ADDRESSING PENDING MOTIONS AND DISMISSING CASE~ 3**

44, 54-55 (1996). Plaintiffs have not alleged any of the exceptions that would abrogate the State of Washington's sovereign immunity in the above-captioned matter. Accordingly, the Court is without jurisdiction to hear these claims.

**3.     Plaintiffs' Motion for Default Judgment**

Plaintiffs filed a Motion for Default Judgment on October 2, 2007 (Ct. Rec. 27). Because this Court lacks jurisdiction over Plaintiffs' claims, it is without authority to enter judgment against any of the Defendants.

**4.     Plaintiffs' Motion for Continuance**

Plaintiffs filed a Motion for Continuance on October 9, 2007 (Ct. Rec. 32) and again on October 12, 2007 (Ct. Rec. 37). The Court has reviewed the Motion for Continuance and Declaration of Jetson R. Cheshire (Ct. Rec. 32, 37) and does not find that good cause exists to grant the motions. Plaintiff filed a Response to Summary Judgment on October 1, 2007 and has had adequate time to prepare his defense. Moreover, the Court finds above that it lacks subject matter jurisdiction over Plaintiffs' claims, a defect that cannot be cured by a continuance.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendants' Theodore and Eloise Mellotte's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1-7) (Ct. Rec. 9) is **GRANTED**. Defendants Theodore and Eloise Mellotte are **dismissed** from the above-cause of action.

2.     The State Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Ct. Rec. 16) is **GRANTED**. The State of Washington and the Department of Wildlife are **dismissed** from the above-captioned cause of action.

3.     The Yakima County Defendants' Joinder in Motion to Dismiss (Ct. Rec. 24) is **GRANTED**. Defendant Yakima County and Stephen Brown are **dismissed** from the above-captioned cause of action.

4.     Defendants Halverson, Applegate and McDonald's Joinder in Defendant Mellottes' Motion to Dismiss (Ct. Rec. 28) is **GRANTED**. Defendants Halverson,

**ORDER ADDRESSING PENDING MOTIONS AND DISMISSING CASE~ 4**

Applegate and McDonald are **dismissed** from the above-captioned cause of action.

    5.    Defendant Flying Y Home Owner's Association Joinder in Defendant Mellotte's Motion to Dismiss (Ct. Rec. 50) is **GRANTED.** Defendant Flying Y Home Owner's Association is **dismissed** from the above-captioned cause of action.

    6.    Defendant Robert A. Garretson's Joinder in Motion to Dismiss (Ct. Rec. 55) is **GRANTED.** Defendant Robert A. Garretson is **dismissed** from the above-captioned cause of action.

    7.    Plaintiffs' Motion for Default Judgment (Ct. Rec. 27) is **DENIED**.

    8.    Plaintiffs' Motion for Continuance (Ct. Rec. 32) is **DENIED**.

    9.    Plaintiffs' Motion for Continuance (Ct. Rec. 37) is **DENIED**.

    10.    The above-captioned case is **dismissed** with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and Plaintiffs, and close the file.

**DATED** this 30th day of November, 2007.

                  *s/ Robert H. Whaley*

                  ROBERT H. WHALEY
                  Chief United States District Judge

Q:\CIVIL\2007\Cheshier\ord.show.cause.2.wpd

**ORDER ADDRESSING PENDING MOTIONS AND DISMISSING CASE~ 5**